**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | |
|---|---|
| SHANE KEDDY, CHRIS BROWNING, and JOSHUA MULLINS, Each Individually and on Behalf of All Others Similarly Situated,<br><br>v.<br><br>ONEFLOW ENERGY SERVICES, LLC. | CASE NO: <u>CIV-17-142-C</u><br>COLLECTIVE ACTION |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiffs Shane Keddy, Chris Browning, and Joshua Mullins file this Collective Action Complaint against Defendant Oneflow Energy Services, LLC ("Oneflow") to recover the unpaid overtime wages owed to Oneflow's Hands and Leaders under federal law.

### JURISDICTION & VENUE

2. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391 since a substantial part of the events giving rise to this claim occurred in this District.

4. Oneflow maintained business operations in or around Oklahoma City, Oklahoma.

### PARTIES

5. Keddy worked as a Hand for Oneflow during the relevant statutory time period. As a Hand, Keddy performed largely technical and manual labor and regularly worked more than 12 hours a day, and 40 hours a week, without receiving the overtime pay required by federal law. Oneflow paid Keddy a salary/day rate. Keddy's written consent is attached as Exhibit A.

6. Browning worked as a Leader for Oneflow during the relevant statutory time period.

As a Leader, Browing performed largely technical and manual labor and regularly worked more than 12 hours a day, and 40 hours a week, without receiving the overtime pay required by federal law. Oneflow paid Browning a salary/day rate. His written consent is attached as Exhibit B.

7. Mullins worked as a Hand and a Leader for Oneflow during the relevant statutory time period. At times, Oneflow classified Mullins as an independent contractor, although he performed exactly the same work as Oneflow's employees. He performed largely technical and manual labor and regularly worked more than 12 hours a day, and 40 hours a week, without receiving the overtime pay required by federal law. Oneflow paid Browning a salary/day rate. His written consent is attached as Exhibit C.

7. Plaintiffs brings this action on behalf of himself and all other similarly situated employees under §16(b) of the FLSA 29 U.S.C. §216(b). These workers were all subjected to the same FLSA violations as Plaintiffs and are properly defined as:

> **All Hands and Leaders paid a salary/day rate and treated as an exempt employee or independent contractor by Oneflow Energy Services, LLC, during the past three (3) years.**

The Putative Class Members are ascertainable from Oneflow's business records, particularly personnel records.

8. Oneflow may be served through its registered agent for process at **2300 N Lincoln Blvd., Ste. 101, Oklahoma City, OK 73105.**

## FLSA COVERAGE

9. At all times hereinafter mentioned, Oneflow has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. Oneflow directly controlled the job duties, work schedules, tools used, policies and procedures implemented, and all other aspects of Plaintiffs and the Putative Class Members' jobs.

11. As will be shown though this litigation, Oneflow treated all of the Putative Class

Members as employees (regardless of whether Oneflow paid the Putative Class Members through an IRS Form 1099 or W-2) and uniformly dictated the pay practices its to which its employees were subjected.

12. At all times hereinafter mentioned, Oneflow has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Oneflow has been part of an enterprise engaged in commerce or in the production of goods and services for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

14. Oneflow's employees handle, sell, or otherwise work on goods or materials such as tools, oilfield equipment, cellphones, and tanks that have been moved in or produced for commerce.

15. Oneflow's annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

16. Indeed, Oneflow specializes in providing services to the oil and gas industry nationwide in exchange for money.

17. Because "virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA[,]" *Dunlop v. Industrial America Corp.*, 516 F.2d 498, 501–02 (5th Cir.1975), it would be silly for an employer with multi-state operations like Oneflow to waste this Court's time arguing it is not a covered enterprise.

18. At all times hereinafter mentioned, Plaintiffs and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

**FACTUAL ALLEGATIONS**

19. Oneflow operates an oilfield service company, providing frac, water transfer, and well tank services to the oil and gas industry. Oneflow is based in Texas, but conducts operations and provides services to the oil and gas industry throughout the United States.

20. Oneflow specifically performed oil and gas services in Oklahoma City, Oklahoma, within the relevant time period. Plaintiffs spent time working for Oneflow in Oklahoma.

21. Plaintiffs and all those similarly situated to them worked for Oneflow as Hands and Leaders.

22. These employees typically work together in teams performing technical services, usually at the well site.

23. Hands and Leaders use tools, hard hardhats, and machinery produced for commerce within the meaning of the FLSA.

24. No advanced degree is required to become an employee of Oneflow. In fact, Oneflow regularly hires Hands and Leaders with only a high-school diploma (or less).

25. Hands and Leaders are blue collar workers. They rely on their hands, physical skills, and energy, to perform manual labor in the oilfield and must have strong mechanical skills.

26. Hands and Leaders work long hours amounting to more than 40 hours a week and are on-call 24/7 during every workweek.

27. While in the field, Hands and Leaders regularly work more than 12 hours in a day, and more than 84 hours in a week.

28. But Oneflow did not pay its Hands and Leaders overtime for hours worked in excess of 40 in a workweek.

29. Instead, Oneflow paid Hands and Leaders a salary and/or day rate for each day worked out in the field.

30. As a result of Oneflow's pay policies, Plaintiffs and the Putative Class Members were denied the overtime pay required by the Fair Labor Standards Act.

31. Oneflow knew, or showed reckless disregard for whether, Plaintiffs and the Putative Class Members were entitled to overtime pay under federal law.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiffs bring this claim under the FLSA as a collective action on behalf of those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

33. Numerous employees have been victimized by Oneflow's patterns, practices and policies, which are in willful violation of the FLSA.

34. Many of these employees have worked with Plaintiff and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

35. Thus, from their experiences with these employees, Plaintiffs are aware that the illegal practices or policies of Oneflow have been imposed on the Putative Class Members.

36. The Putative Class Members all regularly worked in excess of forty hours per week and were not paid overtime as required by the FLSA.

37. These employees are victims of Oneflow's unlawful compensation practices and are similarly situated to Plaintiffs in terms of relevant job duties, pay provisions, and employment practices.

38. Oneflow's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members.

39. Plaintiffs' experiences are typical of the experiences of the Putative Class Members. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment.

40. All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty hours per week.

41. Even if the issue of damages were individualized in character, nothing detracts from

the common nucleus of liability facts.

42. The Putative Class Members are similarly situated in all relevant respects. While their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime. The Putative Class Members are all blue-collars workers entitled to overtime after 40 hours in a week. Like Plaintiffs, the members of the Putative Class work long hours and deserve to be paid in accordance with the law.

43. Oneflow employed many Hands and Leaders in the United States during the past three years. These workers are geographically disbursed, residing and working in states across the county. Because these workers do not have fixed work locations, Hands and Leaders may work in different states across the country in the course of a given year.

44. Absent a collective action, many members of the Putative Class likely will not obtain redress of their injuries and Oneflow will retain the proceeds of its violations of the FLSA.

45. Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

### CAUSE OF ACTION—VIOLATION OF THE FLSA

46. Oneflow violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing Plaintiff and the Putative Class Members in an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of the FLSA for workweeks longer than forty hours without compensating such employees for their employment in excess of forty hours per week at rates no less than 1.5 times the regular rates for which they were employed.

47. Oneflow employed Plaintiff and each Putative Class Member.

48. Oneflow's pay policy denies and has denied Hands and Leaders overtime for hours worked in excess of 40 hours per week.

49. Oneflow's knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay overtime to Plaintiff and the Putative Class Members.

50. Oneflow's failure to pay overtime at the correct rate was neither reasonable or made in good faith.

51. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

## JURY DEMAND

52. Plaintiffs demand a trial by jury.

## RELIEF SOUGHT

53. WHEREFORE, Plaintiffs pray for judgment against Oneflow as follows:

(a) An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b);

(b) For an Order pursuant to section 16(b) of the FLSA finding Oneflow liable for unpaid back wages due to Plaintiffs and the Putative Class for liquidated damages equal in amount to their unpaid compensation;

(c) For an Order awarding attorneys' fees, penalties, costs and pre- and post-judgment interest; and

(d) For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

***/s/ Matthew S. Parmet***
By: _____
Richard J. (Rex) Burch
Texas Bar No. 24001807
*seeking admission pro hac vice*
Matthew S. Parmet
Texas Bar No. 24069719
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
mparmet@brucknerburch.com

Michael A. Josephson
Texas Bar No. 24014780
*seeking admission pro hac vice*
Andrew W. Dunlap
Texas Bar No. 24078444
*seeking admission pro hac vice*
**FIBICH, LEEBRON, COPELAND,
 BRIGGS & JOSEPHSON**
1150 Bissonnet
Houston, Texas 77005
Telephone: (713) 751-0025
Telecopier: (713) 751-0030
mjosephson@fibichlaw.com
adunlap@fibichlaw.com

**ATTORNEYS FOR PLAINTIFFS**